UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JAMES FLOWERS | CIVIL ACTION |
| VERSUS | NO. 23-2184 |
| MILLENNIA HOUSING MANAGEMENT, LTD., LLC., *et al.* | SECTION M (4) |

## **ORDER & REASONS**

Before the Court is a motion by plaintiff James Flowers to reconsider[1] this Court's April 25, 2024 order[2] granting defendant's motion to continue[3] as unopposed. Flowers argues that reconsideration is warranted because his counsel inadvertently failed to read the notice of submission so did not timely file the opposition he had prepared.[4] Flowers also seeks leave to file his previously unfiled opposition to the motion to continue in which he argues that defendant Millennia Housing Management, LTD., LLC ("Millennia Housing") is to blame for any discovery issues and a continuance would inconvenience him, his attorneys, the witnesses, and this Court.[5]

Millenia Housing opposes reconsideration, contending that counsel's failure to read the notice of submission is not excusable neglect, especially because attorneys practicing in this Court are required to be familiar with the Local Rules.[6] Millenia Housing also filed a reply in response

---

[1] R. Doc. 29.
[2] R. Doc. 26.
[3] R. Doc. 22. Defendant, arguing that it needed more time for discovery, sought a continuance of the trial date and remaining pretrial deadlines. *Id*. The notice of submission attached to the motion as required by the Local Rules set May 2, 2024, as the submission date. R. Doc. 22-1. Local Rule 7.5 requires that a memorandum in opposition to a motion be filed no later than eight days before the noticed submission date, making the deadline in this instance April 24, 2024. Flowers, who is represented by counsel, did not file an opposition to the motion. Finding that the motion had merit, the Court granted it. R. Doc. 26.
[4] R. Doc. 29.
[5] R. Doc. 31. Flowers's motion for leave to file the opposition is GRANTED.
[6] R. Doc. 32. While both parties point to Rule 60 of the Federal Rules of Civil Procedure as providing the appropriate standard to weigh the motion, they are wrong. Instead, the Court examines this motion under the "good cause" standard of Rule 16 as the April 25 order was interlocutory, and not a final judgment.

to Flowers's opposition to the motion to continue, arguing that the fault for any delays in discovery lies with Flowers, and that Flowers exaggerates the inconvenience a continuance might cause.[7]

Considering the parties' memoranda, the record, and the applicable law, the Court finds that reconsideration of its April 25 order granting Millenia Housing's motion to continue is not warranted. Regardless of who is to blame, discovery is incomplete, and this matter is not ready for trial at this time. Good cause existed, and continues to exist, for the continuance. Accordingly,

IT IS ORDERED that Flowers's motion to reconsider (R. Doc. 29) is DENIED.

New Orleans, Louisiana, this 16th day of May, 2024.

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

[7] R. Doc. 33.